GRENVILLE M. WEEKS, PLAINTIFF IN ERROR, v. THE BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF SOMERSET, DEFENDANT IN ERROR.

Argued December 5, 1902—Decided March 2, 1903.

The mere fact that a person traveling upon the highway, after dark, mistakes the wing wall of a bridge (which carries the highway over an intersecting stream) for a foot-path, and, after getting upon it, falls off and is injured, affords no ground for concluding that the bridge was improperly constructed.

On error to the Supreme Court.

For the plaintiff in error, *Joseph A. Beecher.*

For the defendant in error, *Richard V. Lindabury.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.  The plaintiff in error brought this suit to recover for personal injuries received by him while crossing a bridge, erected and maintained by the defendant in error, over a small stream which intersected the road along which he was traveling.  The accident occurred in the evening.  Owing to the darkness the plaintiff in error mistook one of the wing walls of the bridge for a flagged foot-path for pedestrians; stepped upon it, and walked along it until he reached its end, and there either stepped off or fell off and was injured.  The top of the wing wall at the point where the plaintiff in error fell was about three feet above the surface of the roadway, and at the other end was about nine and one-half inches.  At what point he got upon it does not appear.

The liability of the board of freeholders to answer in damages for injuries received by a person in crossing a county bridge is a statutory one, and is limited to such injuries as

directly result from the neglect of the board to properly "erect, rebuild or repair" such bridge. *Gen. Stat., p.* 307, § 9.

In the present case the ground upon which the plaintiff in error rests his right to recover, as stated by counsel in his brief, is that, in building the wing wall of the bridge in question, the freeholders were negligent because they did not place a railing, or some other sufficient barrier, upon the coping of the wall for the purpose of preventing people from going upon or over it.

The only evidence that the presence of a railing, or other barrier, upon the wing wall of the bridge was necessary, in order to make it reasonably safe for the traveling public, was the fact that, at one point, the wall was low enough to permit the plaintiff in error to readily get upon it. But improper construction was no more shown by this fact than it would have been by proving that the freeholders had placed a railing, or other barrier, upon the top of the wing wall, and that the plaintiff in error, mistaking the coping for a flagged footway for the use of travelers, and unable to discover the railing by reason of the darkness, had received injury by coming in contact with the railing while attempting to get upon the coping. Mere proof of the happening of an accident raises no presumption of negligence.

The trial court, at the close of the testimony, properly directed a verdict for the defendant. The judgment under review should be affirmed.

*For affirmance*—The Chancellor, Chief Justice, Van Syckel, Dixon, Fort, Garretson, Hendrickson, Pitney, Vredenburgh, Voorhees, Vroom. 11.

*For reversal*—None.